FILED

2025 Dec-15  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: LINDA MANN**
12/15/2025 8:45:50 AM

*alacourt.com*

County: **47**    Case Number: **CV-2025-902169.00**    Court Action:

Style: **CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY**

`Real Time`

### Case

#### Case Information

| | | | | |
|---|---|---|---|---|
| County: | **47-MADISON** | Case Number: | **CV-2025-902169.00** | Judge: **ASA:ALISON S. AUSTIN** |
| Style: | **CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY** | | | |
| Filed: | **11/13/2025** | Case Status: | **ACTIVE** | Case Type: **CONTRACT/EJMNT/SEIZU** |
| Trial Type: | **JURY** | Track: | | Appellate Case: **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | |
| Date Trial Began but No Verdict (TBNV2): | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date of Appeal: | Disposition Type Of Appeal: | |

#### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **11/13/2025** | Updated By: **AJA** |

### Parties

#### Party 1 - Plaintiff BUSINESS - CENTRAL PRESBYTERIAN CHURCH

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **CENTRAL PRESBYTERIAN CHURCH** | Type: | **B-BUSINESS** |
| Index: | **D CHURCH MUTUA** | Alt Name: | | Hardship: **No** | JID: **ASA** |
| Address 1: | **406 RANDOLPH AVENUE SE** | | Phone: **(256) 000-0000** | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | | | | | | |
| City: | **HUNTSVILLE** | State: | **AL** | Zip: | **35801-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: |
| Answer: | Answer Type: | Notice of No Service: | Served By: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | EME003 | | EMERSON JAY ELMER JR. | EMERSON@ HIGGSANDEMERSON.COM | (256) 533-3251 |

## Party 2 - Defendant BUSINESS - CHURCH MUTUAL INSURANCE COMPANY

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **CHURCH MUTUAL INSURANCE COMPANY** | Type: | **B-BUSINESS** |
| Index: | **C CENTRAL PRES** | Alt Name: | | Hardship: **No** | JID: **ASA** |
| Address 1: | **C/O CORPORATION SERV COMP** | | | Phone: **(256) 000-0000** | |
| Address 2: | **641 SOUTH LAWRENCE STREET** | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **11/13/2025** | Issued Type: **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **11/17/2025** | Service Type **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: |
| Answer: | Answer Type: | Notice of No Service: | Served By: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV - CONV FEE | C001 | | $25.09 | $25.09 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $481.00 | $481.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $651.09 | $651.09 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/13/2025 | CREDIT | CONV - CONV FEE | 2026032 | 76288600 | $25.09 | C001 | 000 | Cash | N | | | LIB |
| 11/13/2025 | RECEIPT | CV05 - CV OVER $50K | 2026032 | 76288700 | $481.00 | C001 | 000 | Credit Card | N | | | LIB |
| 11/13/2025 | RECEIPT | VADM - VADM FEE | 2026032 | 76288800 | $45.00 | C001 | 000 | Credit Card | N | | | LIB |
| 11/13/2025 | RECEIPT | JDMD - JURY DEMAND | 2026032 | 76288900 | $100.00 | C001 | 000 | Credit Card | N | | | LIB |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/13/2025 | 11:06 AM | ECOMP | COMPLAINT E-FILED. | EME003 |
| 11/13/2025 | 11:06 AM | FILE | FILED THIS DATE: 11/13/2025          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | ASSJ | ASSIGNED TO JUDGE: ALISON STRICKLAND AUSTIN (AV01) | AJA |
| 11/13/2025 | 11:06 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 11/13/2025 | 11:06 AM | C001 | C001 PARTY ADDED: CENTRAL PRESBYTERIAN CHURCH | AJA |
| 11/13/2025 | 11:07 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/13/2025 | 11:07 AM | C001 | LISTED AS ATTORNEY FOR C001: EMERSON JAY ELMER JR | AJA |
| 11/13/2025 | 11:07 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/13/2025 | 11:07 AM | D001 | D001 PARTY ADDED: CHURCH MUTUAL INSURANCE COMPANY | AJA |
| 11/13/2025 | 11:07 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 11/13/2025 | 11:07 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 11/13/2025 | 11:07 AM | D001 | CERT MAIL-FIL ISSUED: 11/13/2025 TO D001    (AV02) | AJA |
| 11/13/2025 | 11:07 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 11/25/2025 | 7:29 AM | EMISC | RETURN ON SERVICE - SERVED E-FILED | EME003 |
| 11/25/2025 | 7:33 AM | D001 | SERVICE OF CERTIFIED MAI ON 11/17/2025 FOR D001 | MAM |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 11/13/2025 11:06:28 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/13/2025 11:06:29 AM | 2 | COMPLAINT | | 5 |
| 11/13/2025 11:06:30 AM | 3 | INTERROGATORIES(R33) | INTERROGATORIES TO DEFENDANT | 8 |
| 11/13/2025 11:06:31 AM | 4 | REQUEST FOR PRODUCTION(R34) | REQUEST FOR PRODUCTION TO DEFENDANT | 10 |
| 11/13/2025 11:07:39 AM | 5 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 11/13/2025 11:07:41 AM | 6 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 11/25/2025 7:29:49 AM | 7 | RETURN ON SERVICE - SERVED | Executed Summons and Certified Mail Receipt | 2 |
| 11/25/2025 7:29:56 AM | 8 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

**END OF THE REPORT**

ELECTRONICALLY FILED
11/13/2025 11:06 AM
47-CV-2025-902169.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>47<br><br>Date of Filing:<br>11/13/2025 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### CENTRAL PRESBYTERIAN CHURCH v. CHURCH MUTUAL INSURANCE COMPANY

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other    **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    P ☐ APPEAL FROM PROBATE COURT

A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| EME003 | 11/13/2025 11:06:27 AM | /s/ JAY E EMERSON JR |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
11/13/2025 11:06 AM
47-CV-2025-902169.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY,**

| | |
|---|---|
| CENTRAL PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, OF HUNTSVILLE, ALABAMA ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CASE NO: |
| CHURCH MUTUAL INSURANCE COMPANY ) ) ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Central Presbyterian Church in the United States of America, of Huntsville, Alabama, and files this its Complaint against the above-named Defendant and would show unto the Court as follows:

1.    Plaintiff Central Presbyterian Church in the United States of America, of Huntsville, Alabama ("Plaintiff" or "CPC") is a domestic non-profit corporation formed in Madison County, Alabama.  CPC is a member of the Evangelical Presbyterian Church and operates a church in Madison County.  CPC is located at 406 Randolph Ave SE, Huntsville, Alabama 35801.

2.    Defendant Church Mutual Insurance Company is a foreign corporation formed in Wisconsin.  Defendant regularly conducts business within the State of Alabama and this judicial district.  Defendant issues insurance policies in the state of Alabama.

3.    Plaintiff purchased an insurance policy from Defendant, which provides, among other things, coverage for water damage.

4.     At all times material to this action, Defendant provided insurance coverage to Plaintiff for the church building located on Randolph Avenue.

5.     In accordance with the insurance policy, plaintiff agreed to pay for insurance and defendant agreed to provide policy benefits in accordance with the contract.

6.     On or about July 19, 2025, there was a clog in CPC's interior plumbing system which caused a failure in the plumbing system leading to an overflow of water into the church building.

7.     As a result of the overflow, there were 2-3 inches of standing water across approximately 1,000 square feet of the church interior.

8.     The entire first floor of CPC building was damaged by the water intrusion.

9.     As a result of the water damage, CPC has suffered damages to the church building in excess of $200,000.

10.    Under the terms of the Church Mutual insurance policy, the July 19, 2025 incident is a covered loss.

11.    Subsequently, Plaintiff filed a claim with Defendant for the covered loss.

12.    Defendant failed to properly investigate, administer, and handle the claim.

13.    Defendant failed to comply with its obligations under the insurance policy by only making a partial payment on the claim.

14.    Defendant failed to provide full coverage for the water damage claim.

15.    As a result of Defendant's failures, CPC has been unable to use the first floor of its building and has been forced to hold church services and all other related activities at an alternative location. Additionally, CPC has been unable to complete repairs to the church building.

## COUNT I – BREACH OF CONTRACT

16.     Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates the same by reference.

17.     CPC purchased an insurance policy from Defendant wherein, among other things, Defendant agreed to provide coverage for damages to CPC's building and personal property in the event of covered losses.

18.     In order to obtain the insurance policy, CPC agreed to pay Defendant premiums.

19.     The insurance policy and associated endorsements set forth Defendant's obligations to provide coverage.

20.     The insurance policy was in full force and effect at all times material to this lawsuit.

21.     On or about July 19, 2025, CPC suffered water damage in excess of $200,000.00 due to a failure of the building's interior plumbing system.

22.     CPC filed a claim under the insurance policy.

23.     CPC has complied with its obligations under the insurance policy by paying all premiums due and timely filing a claim for loss.

24.     Defendant has failed to comply with the terms of the insurance policy.

25.     Defendant has breached the contract by refusing to provide full coverage for CPC's claim.

26.     As a result of Defendant's breach, CPC has suffered significant damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for compensatory and punitive damages in an amount to be determined by a struck jury along with interests and costs.

## COUNT II – BAD FAITH FAILURE TO PAY

27.    Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates the same by reference.

28.    CPC filed a timely claim for loss under the parties' insurance contract.

29.    Defendant has breached the parties' contract.

30.    Defendant has intentionally failed or refused to pay the insurance claim in accordance with the terms of the insurance contract.

31.    Defendant has failed to provide full coverage for CPC's water damage claim.

32.    There is no reasonably legitimate or arguable reason to justify Defendant's failure to fully pay the insurance claim.

33.    Defendant is aware of the absence of any reasonably legitimate or arguable reason for refusing to pay the claim in accordance with the policy.

34.    Defendant has wholly failed in its obligation to in good faith evaluate and pay claims made under the parties' insurance contract.

35.    As a direct and proximate cause of Defendant's bad faith, CPC has suffered damages.  CPC has been unable to carry out its business, has been unable to repair the water damage to church building and has been forced to hold church services at an alternative location.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for compensatory and punitive damages in an amount to be determined by a struck jury along with interests and costs.

Jay E. Emerson, Jr.
HIGGS & EMERSON
405 Franklin Street
Huntsville, AL 35801
Phone: (256) 533-3251
Fax: (256) 533-3265
*Attorney for Plaintiff*

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

OF COUNSEL

**To be served via certified mail:**
Church Mutual Insurance Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
11/13/2025 11:06 AM
47-CV-2025-902169.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH )
IN THE UNITED STATES OF )
AMERICA, OF HUNTSVILLE, )
ALABAMA )
                     )
         **Plaintiff,** )
                     )
**vs.** )         **CASE NO:**
                     )
CHURCH MUTUAL INSURANCE )
COMPANY )
                     )
         **Defendant.** )

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, Central Presbyterian Church in the United States of America, of Huntsville, Alabama, by and through its attorney, in the above styled cause, and pursuant to Rule 33 of the Alabama Rules of Civil Procedure submits Plaintiff's Interrogatories propounded to Defendant.

## DEFINITIONS

A)     The term "Plaintiff" means the party plaintiff, Central Presbyterian Church in the United States of America, of Huntsville, Alabama, and any agent, representatives, attorneys, and any other person or persons action (or who acted) or purporting at act (or who purported to act) on its behalf.

B)     The terms "Defendant," "you," or "your" means the party defendant, Church Mutual Insurance Company, and any agent, representatives, attorneys, and any other person or persons action (or who acted) or purporting at act (or who purported to act) on its behalf.

C)     The term "person(s)" means individuals and entities, including, without limitations, sole proprietorship, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any other legal, business or governmental entity.

D)     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatories or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitations."

E)     The terms "regarding," "relate to," "relate thereto," "relating to," "relating thereto," "concerning," "pertain," and "pertaining to" mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

F)     "Document(s)" means all materials within the full scope of Rule 34 of the Alabama Rules of Civil Procedure including, but not limited to: all writings and records, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, communications, correspondence, memoranda, notes, diaries, transcripts of personal or telephone conversations, minutes, records of board director committee or other meetings or conferences, reports of summaries of investigations, opinions or reports of consultants, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs,

2

charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata. As used herein, the term "document" shall also include writings, notes, drafts, outlines, recordings and files, regardless of storage media; they include, but are not limited to, writings contained on paper, recordable tape, celluloid, disks, floppy disks, CDs, DVDs, flash drives, hard drives, electronic mail servers or any other digitally stored media.

G)      "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of this request, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

H)      The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether by face-to-face meeting, telephone conversations or otherwise).

I)      "Identify"

      a)      When used in reference to an individual, means to state his or her full name, if known, his or her position(s) or business affiliation(s) during the relevant time period, and his or her residential address;

      b)      When used in reference to a document, as defined in paragraph F, means to state the type of document (e.g., letter, telegram, contract, lease, deed or the like), its author(s), its addressee(s), its date, its subject, and its present location by custodian and address. If such document was, but is no longer,

3

within your possession or control, state what disposition was made of it, when such disposition occurred, and identify each person having knowledge of its disposition.

c)    When used in reference to any other entity, including but not limited to a corporation, partnership, or other business association, means to state its full name, if known, its form of organization and its present or last known address.

J) "Polices and/or Procedures" refers to any and all methods or systems, whether written or oral, formal or informal, for reaching any decisions made by the Defendant referred to herein.

K)    The term "property" and/or "premises" means the premises known as Central Presbyterian Church, located at 406 Randolph Avenue, SE, Huntsville, AL 35801.

L)    Unless stated otherwise the terms "insurance policy" or "church insurance policy" refers to the Church Mutual Insurance Company insurance policy on Central Presbyterian Church, located at 406 Randolph Avenue, SE, Huntsville, AL 35801.

M)    The terms "claim(s), " "loss," and/or "property claim(s)" refer to the insurance claims filed by plaintiff under the Church Mutual Insurance Company insurance policy.

N)    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of the Request any information which might otherwise be considered to be beyond their scope.

## INSTRUCTIONS

1.    Defendant should answer each interrogatory separately and fully, unless, it is objected to, in which event the reasons for the objection should be specifically and separately stated. The answers are to be signed by the defendant and the objections, if any, are to be signed

4

by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible, and a statement should be made indicating why only a partial answer is given.

2.      Answer to the interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory and, when an interrogatory has subdivisions, to each subdivision.

3.      With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) of which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested;

   (a)      that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled, or otherwise arranged in that same form and manner as they were found; and

   (b)      that you identify the person or persons in whose custody or control such files are or were maintained.

4.      Every Interrogatory herein shall be deemed continuing, and Defendant is to supplement its answers promptly if and when Defendant obtains responsive information which adds to or is in any way inconsistent with Defendant's initial answers.

## **INTERROGATORIES**

1.      State the name, address and position of the person answering these interrogatories.

2.    State the name, address, job title, division, and location of employment of each person assisting with or from whom you obtained any information at all regarding these interrogatories, or any of the Plaintiff's requests for production of documents in this case.

3.    For any and all claims for benefits under the Church Mutal Insurance Company insurance policy filed by the plaintiff, please state the following:

    a.  Date of claim;

    b.  Cause of loss;

    c.  Claim number;

    d.  Whether coverage was approved or denied; and

    e.  The basis for Defendant's approval or denial of said claim.

4.    If coverage for the claims identified in your response to interrogatory no. 3, was approved, please state and/or provide the following:

    a.  The name, address, and phone numbers of any all contractors, subcontractors, technicians, inspectors or any other person or firm who were authorized and/or approved by Defendant to perform work on and/or inspect the subject premises.

    b.  An itemized list showing all payments issued by Defendant pertaining to the approved and/or covered loss.

5.    State the following concerning each notice of claim(s) filed by Plaintiff beginning in 2025, and the timing of payments issued related to said claim(s):

    a.  The date and manner in which you received notice of the claim

    b.  The date and manner in which you acknowledged receipt of the claim

    c.   The date and manner in which you commenced investigation of the claim

6

       d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant.

       e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

6.     List the name of all individuals acting on your behalf who were involved in the handling, investigation, review, and/or evaluation of plaintiff's claims.

7.     For each of the individuals who were involved in the investigation and evaluation of the claim(s), state the job title or classification held by that individual at the time that individual investigated or evaluated the claim and a brief description of the involvement of each person identified.

8.     State the name of the Church Mutual Insurance Company employee most knowledgeable about Defendant's investigation and evaluation of the plaintiffs' claims for benefits under the policy.

9.     Describe Defendant's claim review and investigation process as it pertains to claims filed under a policy of insurance.

10.     Please identify the written procedures or policies utilized by adjusters to handle and investigate plaintiff's claims.

11.     Do you contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the factual basis for this contention.

12.     Do you contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the factual basis for this contention.

7

13.    How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following: a) what performance measures are used;  b) describe your bonus or incentive plan for adjusters

14.    Describe every lawsuit filed in Federal or State Court against you for breach of contract and/or bad faith failure to pay an insurance claim for the last ten (10) years.

15.    Please list the name of any and all individuals acting on your behalf other than individuals performing merely clerical functions who were involved in the underwriting of the policy issued to the Plaintiff which is the subject matter of this litigation.

Jay E. Emerson, Jr.
Attorney for Plaintiff
Higgs & Emerson
405 Franklin Street
Huntsville, AL 35801
256-533-3251
256-533-3265 fax

*To be served with Complaint.*

ELECTRONICALLY FILED
11/13/2025 11:06 AM
47-CV-2025-902169.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY**

| | |
|---|---|
| CENTRAL PRESBYTERIAN CHURCH ) | |
| IN THE UNITED STATES OF ) | |
| AMERICA, OF HUNTSVILLE, ) | |
| ALABAMA ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | **CASE NO:** |
| ) | |
| CHURCH MUTUAL INSURANCE ) | |
| COMPANY ) | |
| ) | |
|       Defendant. ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff, Central Presbyterian Church in the United States of America, of Huntsville, Alabama, by and through its attorney, in the above styled cause, and pursuant to Rule 34 of the Alabama Rules of Civil Procedure requests that Defendant produce and permit inspection and/or copying of the documents and or things specified below.

## DEFINITIONS

A)    The term "Plaintiff" means the party plaintiff, Central Presbyterian Church in the United States of America, of Huntsville, Alabama, and any agent, representatives, attorneys, and any other person or persons action (or who acted) or purporting at act (or who purported to act) on its behalf.

B)    The terms "Defendant," "you," or "your" means the party defendant, Church Mutual Insurance Company, and any agent, representatives, attorneys, and any other person or persons action (or who acted) or purporting at act (or who purported to act) on its behalf.

C)    The term "person(s)" means individuals and entities, including, without limitations, sole proprietorship, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any other legal, business or governmental entity.

D)    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatories or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitations."

E)    The terms "regarding," "relate to," "relate thereto," "relating to," "relating thereto," "concerning," "pertain," and "pertaining to" mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

F)    "Document(s)" means all materials within the full scope of Rule 34 of the Alabama Rules of Civil Procedure including, but not limited to: all writings and records, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, communications, correspondence, memoranda, notes, diaries, transcripts of personal or telephone conversations, minutes, records of board director committee or other meetings or conferences, reports of summaries of investigations, opinions or reports of consultants, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs,

2

charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata. As used herein, the term "document" shall also include writings, notes, drafts, outlines, recordings and files, regardless of storage media; they include, but are not limited to, writings contained on paper, recordable tape, celluloid, disks, floppy disks, CDs, DVDs, flash drives, hard drives, electronic mail servers or any other digitally stored media.

G)      "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of this request, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

H)      The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether by face-to-face meeting, telephone conversations or otherwise).

I)      "Identify"

     a)    When used in reference to an individual, means to state his or her full name, if known, his or her position(s) or business affiliation(s) during the relevant time period, and his or her residential address;

     b)    When used in reference to a document, as defined in paragraph F, means to state the type of document (e.g., letter, telegram, contract, lease, deed or the like), its author(s), its addressee(s), its date, its subject, and its present location by custodian and address. If such document was, but is no longer,

within your possession or control, state what disposition was made of it, when such disposition occurred, and identify each person having knowledge of its disposition.

c)      When used in reference to any other entity, including but not limited to a corporation, partnership, or other business association, means to state its full name, if known, its form of organization and its present or last known address.

J) "Polices and/or Procedures" refers to any and all methods or systems, whether written or oral, formal or informal, for reaching any decisions made by the Defendant referred to herein.

K)      The term "property" and/or "premises" means the premises known as Central Presbyterian Church, located at 406 Randolph Avenue, SE, Huntsville, AL 35801.

L)      Unless stated otherwise the terms "insurance policy" or "church insurance policy" refers to the Church Mutual Insurance Company insurance policy on Central Presbyterian Church, located at 406 Randolph Avenue, SE, Huntsville, AL 35801.

M)      The terms "claim(s), " "loss," and/or "property claim(s)" refer to the insurance claims filed by plaintiff under the Church Mutual Insurance Company insurance policy.

N)      The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of the Request any information which might otherwise be considered to be beyond their scope.

O)      The terms and/or phrase "relevant time period" means the time period of January 1, 2025 to the present.

## INSTRUCTIONS

4

1.    In answering these requests, you are requested to produce all documents which are available to you, including all documents in your possession, custody or control. If you cannot answer the following requests in full, after exercising due diligence to secure the documents or information to do so, so state and answer to the extent possible, explaining your inability to answer the remainder, the reasons why you cannot fully respond and provide whatever documents you have concerning the unanswered portions.

2.    With respect to each request to which a claim of privilege or work product is asserted, separately state the following:

> (a)    The type of communication, information or document;
> (b)    The basis of any claim of privilege;
> (c)    If work-product immunity is being asserted, identify the proceeding for which the document was prepared;
> (d)    With respect to each document or communication to which a claim of privilege is being asserted, state:
>> (i)     Its date;
>> (ii)    The name, business address and present position of its originator(s) or author(s);
>> (iii)   The position of its originator(s) or author(s) at the time the communication was made or the document was prepared;
>> (iv)    The name, business address and present position of each recipient of the communication or document;
>> (v)     The position of each recipient at the time the communication or document was prepared, and the time it was received; and
>> (vi)    A general description of the subject of the communication or document.

3.    If, in answering these Requests to Produce, you assert that you are unable to produce a document, record of communication, etc. because it is no longer in your possession, custody or control, or has been lost, destroyed, stolen or is otherwise unavailable to you, for each such document, record of communication, etc.:

> (a)    Identify in the manner specified above the unavailable document(s) and describe in detail your understanding of the substance of the contents of the unavailable document(s);

(b)    Identify in the manner specified above all individuals who drafted, approved or read the unavailable document(s);

(c)    For all events connected with any of the events referred to in the complaint in this action, identify all individuals you assert have acted in reliance upon information contained in the unavailable document(s);

(d)    Identify in the manner specified above who has possessed the document(s) since it left your possession, custody or control, and for each such individual identified, the period of possession; where and how the document(s) was lost, destroyed, stolen or otherwise made unavailable; and identify in the manner specified above all individuals with knowledge of how the document(s) was lost, destroyed or otherwise made unavailable.

4.    Each response and each part thereof is to be answered separately and fully. Immediately preceding your response to each of the following requests, please set forth the full text of the request, followed by your response. **Documents produced in response to each request must be clearly identified and separated by or correlated to the request number(s) to which they are being produced.**

5.    Every Request for Production herein shall be deemed a continuing Request for Production, and Defendant is to supplement its answers promptly if and when Defendant obtains responsive documents which add to or are in any way inconsistent with Defendant's initial production.

## REQUESTS FOR PRODUCTION

1.    The Church Mutal Insurance Company Policy on plaintiff's church located at 406 Randolph Avenue, SE, Huntsville, AL 35801. This request is limited to policy in place from January 1, 2025 to the present.

2.    Produce a complete copy of your entire claims file(s), which pertains in any way to Plaintiff's claims filed in 2025 for coverage under the insurance policy, including but not limited to, the following:

a) copies of any and all documents or writings which evidence or relate in any way to the investigation of the facts of Plaintiff's claims;

b) copies of any and all documents or writings which evidence or relate in any way to the evaluation of Plaintiff's claims for coverage, including any and all documents or writings which evidence or relate to any evaluations and reviews of Plaintiff's claims;

c) copies of any and all documents or writings which evidence or relate in any way to any dispute on the issue of liability with regard to Plaintiff's claims for coverage;

d) copies of any and all documents or writings which evidence or relate in any way to any legal or factual defenses to Plaintiff's claims for coverage;

e) copies of any and all documents or writings which evidence or relate in any way to any correspondence exchanged between Defendant and Plaintiff;

f) copies of any and all documents or writings which evidence or relate in any way to any correspondence exchanged between Defendant and any witnesses, including any notes or memoranda pertaining to any interviews of witnesses that were prepared before Plaintiffs filed the above-styled lawsuit;

g) copies of any and all documents or writings which evidence or relate in any way to any notes, letters, reports, internal memoranda, progress sheets or any other type writings prepared by any adjusters, officers, committees, agents, servants, and/or employees of this Defendant that were prepared or entered before Plaintiff filed this lawsuit;

3.    Any and all documents pertaining to claims filed by plaintiff during the relevant time period, including, but not limited, claim submissions, claim forms, electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

4.    Any and all policies and procedures pertaining to the investigation, handling, and evaluation of claims submitted under the Plaintiff's insurance policy. This request is limited to those policies and procedures in effect during the relevant time period.

7

5.    Any and all procedures, policies, manuals, or other guidelines employed by agents or employees of Church Mutual Insurance Company regarding the claims handling methods employed by Defendant in this case.

6.    The adjusting reports, estimates and appraisals prepared concerning all claims under the policy submitted by plaintiff. This request is limited to following time period: January 1, 2025 to the present.

7.    Any and all documents identifying the contractors, subcontractors, technicians, inspectors or any other person or firm who were authorized and/or approved by Defendant to perform work on and/or inspect the subject premises.

8.    Any and all documents, including but not limited to, reports, estimates, and invoices submitted to Defendant by any contractor, person, or entity who was authorized by Defendant to perform inspections of or work on the subject premises.

9.    Produce any and all videotapes, photographs and/or recordings of the church premises that pertain to the claims submitted by plaintiff.

10.    The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims under the insurance policy. This request is limited to those documents, manuals, and training materials, including audio and/or video tapes in effect and/or utilized from January 1, 2025 to the present.

11.    The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claims during the relevant time period. This includes all indemnity, claim expenses and third-party payments.

8

12.     Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, contractors, and inspectors for claims submitted under plaintiff's insurance policy. This request is limited to the following time period and geographical location: from January 1, 2025 to the present in Huntsville, Alabama.

13.     For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claims that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

14.     The bonus or incentive plan for adjusters in effect for the time period of January 1, 2025 through the present.

15.     Any and all statements taken, written or otherwise, from anyone related to plaintiff's claims and/or the Defendant's defenses in the current suit.

16.     Produce any and all reports of expert witnesses related in any way to the subject matter of this lawsuit.

17.     If you contend you are entitled to withhold from production any document or thing responsive to these requests on the basis of any privilege or other ground, provide a "privilege log", that (a) describes the nature of the document (e.g., letter or memorandum), (b) states the date of the document, (c) identifies the persons who sent or authored the document and all recipients, (d) describes the subject matter of the document, and (e) state the basis upon which you contend you are entitled to withhold the document or thing from production.

_____

Jay E. Emerson, Jr.
Attorney for Plaintiff
Higgs & Emerson
405 Franklin Street
Huntsville, AL 35801
256-533-3251
256-533-3265 fax

*To be served with Complaint.*



AlaFile E-Notice

47-CV-2025-902169.00

To:  JAY E EMERSON JR
     drchristopher@higgsandemerson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY
47-CV-2025-902169.00

The following complaint was FILED on 11/13/2025 11:06:31 AM

Notice Date:     11/13/2025 11:06:31 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-902169.00

To:  CHURCH MUTUAL INSURANCE COMPANY
     C/O CORPORATION SERV COMP
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY
47-CV-2025-902169.00

The following complaint was FILED on 11/13/2025 11:06:31 AM

Notice Date:    11/13/2025 11:06:31 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390

| **State of Alabama**<br>**Unified Judicial System**<br>Form C-34  Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2025-902169.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY

**NOTICE TO:** CHURCH MUTUAL INSURANCE COMPANY, C/O CORPORATION SERV COMP 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

<i>(Name and Address of Defendant)</i>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAY E EMERSON JR                                                                                                                            ,

<i>[Name(s) of Attorney(s)]</i>

WHOSE ADDRESS(ES) IS/ARE: 405 FRANKLIN STREET, HUNTSVILLE, AL 35801                                          .

<i>[Address(es) of Plaintiff(s) or Attorney(s)]</i>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

CENTRAL PRESBYTERIAN CHURCH
<i>[Name(s)]</i>

| 11/13/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JAY E EMERSON JR

<i>(Plaintiff's/Attorney's Signature)</i>

### RETURN ON SERVICE

<i>Certified Mail</i>

☐ Return receipt of certified mail received in this office on                                                    .

<i>(Date)</i>

<i>Personal/Authorized</i>

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

<i>Return of Non-Service</i>

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*     *(Name of County)*     *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____     _____     _____
*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*     *(Server's Printed Name)*

_____     _____
*(Badge or Precinct Number of Sheriff or Constable)*     *(Telephone Number of Designated Process Server)*

ELECTRONICALLY FILED
11/25/2025 7:29 AM
47-CV-2025-902169.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | C<br>4 |
|---|---|---|

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA
## CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY

**NOTICE TO:** CHURCH MUTUAL INSURANCE COMPANY, C/O CORPORATION SERV COMP 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAY E EMERSON JR

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 405 FRANKLIN STREET, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
### PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

CENTRAL
PRESBYTERIAN CHURCH
*[Name(s)]*

| 11/13/2025 | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JAY E EMERSON JR

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

Certified Mail

☒ Return receipt of certified mail received in this office on    11/24/25

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
|---|---|---|

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* | |
|---|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** | |



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Church Mutual Insurance Company
c/o Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104

9590 9402 9368 5002 1471 75

2. Article Number (Transfer from service label)

9589 0710 5270 1332 3274 73

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kelly Webster_    ☒ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 11-17-25

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

47-CV-2025-902169.00

To:  JAY E EMERSON JR
     drchristopher@higgsandemerson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY
47-CV-2025-902169.00

The following RETURN ON SERVICE - SERVED was FILED on 11/25/2025 7:29:43
AM

Notice Date:     11/25/2025 7:29:43 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-902169.00

To:  CHURCH MUTUAL INSURANCE COMPANY (PRO SE)
     C/O CORPORATION SERV COMP
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY
47-CV-2025-902169.00

The following RETURN ON SERVICE - SERVED was FILED on 11/25/2025 7:29:43
AM

Notice Date:      11/25/2025 7:29:43 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2025-902169.00

To:  JAY E EMERSON JR
     drchristopher@higgsandemerson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CENTRAL PRESBYTERIAN CHURCH V. CHURCH MUTUAL INSURANCE COMPANY
47-CV-2025-902169.00

The following RETURN ON SERVICE - SERVED was FILED on 11/25/2025 7:29:43
AM

Notice Date:     11/25/2025 7:29:43 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390